**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeals of John and Tina Springer-Miller
}
}
}   Docket Nos. 169-8-02 and
}   217-9-02 Vtec
}
}
}

Decision and Order on Cross-Motions for Summary Judgment

Appellants John and Tina Springer-Miller appealed from a July 23, 2002 and an August 23, 2002 decision of the Planning Commission of the Town of Stowe. Appellants are represented by Edward B. French, Jr., Esq.; the Town is represented by Amanda S.E. Lafferty, Esq. The parties have each moved for summary judgment on whether the Planning Commission is bound by a prior determination of the project as 'minor' under the Town's Ridgeline and Hillside Overlay District regulations. The following facts are undisputed unless otherwise noted.

Appellants own a 170-acre parcel of land in the Rural Residential 5 zoning district and the Ridgeline and Hillside Overlay zoning district, located off Haul Road. They plan to construct a single family dwelling with attached apartment on the property.

In June 2000 they applied for a zoning permit for the project as then designed (the 2000 proposal). The 2000 site plan showed the tree line, the open land, several wetlands, and the limits of potential[1] clearing. The zoning administrative officer determined that the Planning Commission also had to review the proposal under Section 16 of the Zoning Regulations applicable to projects in the Ridgeline and Hillside Overlay District.

The 2000 proposal was forwarded to the Planning Commission, which ruled at its July 11, 2000 meeting that the house would not be visible from any significant vantage point and that the 2000 project should be classified as a 'minor' and required no further Planning Commission review. (See § 16.4(1)(B) and (C)). This ruling was not appealed. The zoning administrative officer then approved the zoning permit; which by its terms expired on July 16, 2001. On July 12, 2000, the project received an Act 250 Land Use Permit. The 2000 site plan considered with both permits set forth a 'building zone' on the property within which the house was to be constructed.[2]

As of July 16, 2001, some site preparation work had been done on the property but the construction of the structure authorized by the zoning permit had not commenced. According to the decision on appeal, § 16 of the Zoning Regulations was last revised[3] effective June 13, 2002.

Some time in June 2002, the zoning administrative officer informed Appellants that their zoning permit had expired as of the previous year, and that they would have to apply for another zoning permit. They did not appeal this action of the zoning administrative officer, but instead on June 27, 2002 submitted a new application for a zoning permit to construct the house and attached apartment that had been the subject of the 2000 proposal. The 2002 zoning permit application

contained the same information as the 2000 zoning permit application, but the accompanying site plan shows the house placed at a different location on the property, some 150 feet to the north. The new location puts the house site uphill of and directly in line with a gap in the tree line shown on the site plan as extending into the ' limits of clearing.' As of July of 2002 Appellants had partially cleared the house site.

In the 2002 proceedings, the Planning Commission determined that the project should instead be classified as ' significant' under § 16.4(1)(B) and (C), because of its scale, its potential visibility from Mayo Farm Road and Edson Hill Road (from portions of which the partial clearing done as of the date of the hearing could be seen) and therefore the need to regulate the additional tree removal, grading and exterior color of the proposed project. The Planning Commission approved the application, but with conditions requiring ' muted exterior colors,' a ' clearing and landscaping plan' to ' protect the viewshed,' and a plan for the ' appropriate placement of windows to minimize off-site impact from glare and lights at night.'

Appellants argue that the Planning Commission is precluded from classifying the 2002 project as significant, both for reasons of <u>res judicata</u> and for reasons of collateral estoppel.

If Appellants had proceeded with construction plans for their original house location, prior to the expiration date of their permit, they would be correct that the Planning Commission would have been precluded from classifying it differently. If Appellants had applied for a new zoning permit after the 2000 one had expired, but had continued to intend to proceed with construction plans for their original house location, they would be correct that the Planning Commission would have been precluded from classifying it differently, unless the § 16 regulations had changed in pertinent part before the application was filed for the new zoning permit.

However, Appellants now propose to construct their house in a different location. The Planning Commission was entitled to examine the characteristics of the different location and to determine whether the house site would be visible or potentially would be visible, depending on the amount, location and density of tree clearing and added landscaping. It is not precluded from that examination by principles of <u>res judicata</u> because although the parties and the ' cause of action' are identical, the subject matter is not. That is, the characteristics of the 2002 site plan are different from the 2000 site plan with respect to facts that are material to the Planning Commission's task under the § 16 regulations: the house location and its visibility or potential for visibility within the viewshed given the location of the existing tree line and clearing limits.

Nor is the Planning Commission precluded from that examination by principles of collateral estoppel or issue preclusion. The issue of the house location and its visibility or potential for visibility within the viewshed in relation to the existing tree line and potential for tree removal within the clearing limits is a different factual issue. The Planning Commission in 2000 did not have a ' full and fair opportunity' to consider the potential visibility of the 2002 house site.

The fact that both house sites are located within an allowed ' building zone' as shown on the 2000 site plan does not change this result. The § 16 regulations require the Planning Commission to examine the effect of the project on the ' visual/scenic landscape' and allow it to impose conditions on ' minor' as well as on ' significant' projects to ensure compliance with the § 16.5

standards. If the actual proposed house location has changed within the ' building zone,' the Planning Commission was obligated to analyze the project at its new location under § 16, even though the new location remains within the area otherwise allowed for the house' s construction.[4]

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED and the Town' s Motion for Summary Judgment is GRANTED.

This ruling appears to the Court only to resolve Question 1 of the Statement of Questions. We will hold a brief telephone conference on Friday, December 20, 2002 (see enclosed notice) to discuss whether any other issues in this matter can be resolved prior to trial, whether and when to set this matter for trial, and the relationship of these appeals to any pending ZBA proceedings. We note for the parties' information that February 19, 2003 is currently scheduled at the Town of Stowe hearing room for the continuation an unrelated Environmental Court hearing involving the Town of Stowe, and that we will know on January 10 whether the February date will be available instead for any necessary hearing in the present appeals.

Done at Barre, Vermont, this 13th day of December, 2002.

_____

Merideth Wright
Environmental Judge

## Footnotes

[1.]    The plan states: "This line represents the maximum limits of clearing. Within this area the owner will be clearing various sections and will not clear beyond this limit." The line representing the 'limits of clearing' is not reproduced very clearly on the copies of the site plan submitted as exhibits to the summary judgment motion.

[2.]    This sentence was corrected after a brief telephone conference on December 13, 2000, with Attorney French and Attorney Ed Adrian (for Attorney Lafferty), after Attorney French called the Court to point out an inaccuracy in the decision originally faxed to the parties earlier that afternoon. The correction does not change the result (see text at footnote 4, below).

[3.]    The complete copy of the regulations provided to the Court only reflects on its cover sheet revisions as of March 19, 2002. We assume for the purposes of this decision that none of the changes to §16 is material to the issues raised in the present appeal, as the parties have not brought those changes to the attention of the Court.

4. Note that this paragraph has been changed from the version of this decision faxed to the parties on December 13, 2002. See footnote 2 above.